## SOUTHLAND LIFE INS. CO. v. NORTON.
### (No. 1094–4998.)

Commission of Appeals of Texas, Section A.
May 2, 1928.

1. Insurance ⚖⇒602—Statute authorizing recovery of attorney's fees from insurance companies does not contemplate contingent fee nor fee for more than one attorney or firm (Rev. St. 1925, art. 4736).

Rev. St. 1925, art. 4736, authorizing recovery of attorney's fees from insurance companies failing to pay loss within specified time, contemplates such fee as would be reasonable for litigant himself to pay his own attorney for prosecuting case, and not a speculative or contingent fee based on uncertainty of litigation, and does not contemplate a fee for more than one attorney or firm of attorneys.

2. Appeal and error ⚖⇒989—Court of Civil Appeals, determining whether judgment for attorney's fees against insurance company was excessive, was not bound by direct testimony in record on issue (Rev. St. 1925, arts. 1862, 4736).

Under Rev. St. 1925, art. 1862, prescribing powers and jurisdiction of Court of Civil Appeals to require a remittitur, Court of Civil Appeals, in passing on question whether verdict and judgment against insurance company was excessive as to attorney's fees allowed under article 4736, was not bound by direct testimony in record bearing on issue, but court had right to look to entire record in case, and view mat-

ter in light of testimony, record before them, amount in controversy, and their common knowledge and experience as lawyers and judges.

**3. Insurance ☞602—Judgment for $5,000 attorney's fees against life insurance company in suit on $10,000 policy held grossly excessive (Rev. St. 1925, art. 4736).**

Judgment under Rev. St. 1925, art. 4736, for $5,000 attorney's fees against life insurance company failing to pay $10,000 policy within time specified in statute *held* grossly excessive.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Margaret S. Nickles against the Southland Life Insurance Company, wherein Court Norton, executor, was substituted as plaintiff after her death. Judgment for plaintiff was affirmed by the Court of Civil Appeals (297 S. W. 1083), and defendant brings error. Reversed and remanded to Court of Civil Appeals.

Seay, Seay, Malone & Lipscomb, of Dallas, and Hunt, Teagle & Moseley, of Houston, for plaintiff in error.

Gill, Jones & Tyler and McFarlane & Dillard, all of Houston, for defendant in error.

CRITZ, J. The opinion rendered by the Court of Civil Appeals in this cause is reported in 297 S. W. 1083. The opinion of that court fully states the issues involved, and it is not necessary to repeat them here. The suit, however, was originally filed in the district court on an insurance policy of the face value of $10,000. Trial in the district court resulted in a judgment against the insurance company for the face of the policy, plus 12 per cent. statutory penalty and $5,000 attorney fees. This judgment was affirmed by the Court of Civil Appeals.

By its second assignment of error, the insurance company complains of the action of the Court of Civil Appeals in refusing to find that the allowance by the jury of an attorney fee of $5,000 was so grossly excessive as to demand that the court require a substantial remittitur as to said attorney fee.

The Court of Civil Appeals, in passing upon the matter of attorney's fees, holds as follows:

"We cannot hold upon the evidence in the record that the amount found by the jury for attorney's fees was unreasonable. The only evidence upon this issue was the testimony of Mr. Tyler and Mr. Battaile, both of whom are experienced and prominent attorneys, and qualified to give an opinion upon the reasonableness of appellee's claim for $5,000 attorney's fees. Mr. Tyler, after stating the time and labor required in preparing the case for trial and in trying it in the district court, and the time, labor, and expense that would be required in briefing and arguing the case in the Court of Civil Appeals and the Supreme Court, its appeal being a reasonable certainty, testified that in his opinion a reasonable attorney's fee would be $5,000. Mr. Battaile, who testified for defendant, stated that he thought $500 would be reasonable compensation for the 2 days' time in which plaintiff's attorneys were engaged in trying the case in the district court. He further stated that he was confining his estimate of reasonable attorney's fees to the trial in the district court. He was not asked and gave no opinion upon the question of what would be a reasonable compensation for the entire services of plaintiff's attorneys, including the services that would be required of them in the appellate court. *Upon this state of the evidence, we cannot say that the finding of the jury was not supported by sufficient evidence, and we are therefore not authorized to disturb their verdict.*" (Italics ours.)

[1, 2] We construe the holding of the Court of Civil Appeals to be to the effect that, as to matter of attorney's fees, they are bound by the testimony quoted by them, and that they are without authority, under the law, to disturb the verdict of the jury and judgment of the trial court as to the amount of attorney's fees. In so holding, the Court of Civil Appeals was in error.

Article 4736, Revised Civil Statutes of Texas 1925, which is the statute authorizing the recovery of attorney fees in cases of this character, provides as follows:

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent. damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss."

The above statute provides for a reasonable attorney fee for the prosecution and collection of such loss. This means such a fee as would be reasonable for a litigant himself to pay his own attorney for prosecuting the case, and not a speculative or contingent fee based upon the uncertainty of the litigation. As applied to the case at bar, it is the purpose and object of the statute to allow the plaintiff a reasonable sum for a competent attorney, or firm of attorneys, to represent him in the case and prosecute the litigation, and the statute does not contemplate a fee for more than one attorney or firm of attorneys. Indiana Lumbermen's Ins. Co. v. Meyers Stave & Mfg. Co., 158 Ark. 199, 250 S. W. 18; Mutual Life Ins. Co. of New York v. Owen, 111 Ark. 554, 164 S. W. 720.

Article 1862, Revised Civil Statutes of Texas 1925, which is the article prescribing the powers and jurisdiction of the Court of Civil Appeals to require a remittitur, reads as follows:

---

"In civil cases appealed to a Court of Civil Appeals, if such court is of the opinion that the verdict and judgment of the trial court is excessive and that said cause should be reversed for that reason only, then said appellate court shall indicate to such party, or his attorney, within what time he may file a remittitur of such excess. If such remittitur is so filed, then the court shall reform and affirm such judgment in accordance therewith; if not filed as indicated, then to be reversed."

The Court of Civil Appeals, in passing on the question as to whether the verdict and judgment are excessive as to attorney fees, as above stated, holds in effect that they are bound by the direct testimony in the record bearing on this issue. We do not agree with this holding. Under article 1862, above quoted, the Court of Civil Appeals has the right to look to the entire record in the case before them, and to view the matter in the light of the testimony, the record before them, the amount in controversy, and their own common knowledge and experience as lawyers and judges.

We have carefully considered all other assignments, and in our opinion the Court of Civil Appeals has correctly decided the other questions of law assigned.

[3] Being of the opinion that the judgment for $5,000 attorney fees in the case at bar is grossly excessive, and that the Court of Civil Appeals is in error in holding that they are without authority to disturb the same, we recommend that the entire cause be remanded to the Court of Civil Appeals for further consideration in conformity with this opinion. We recommend further that the defendant in error pay all costs in this court, and that the matter of other costs be left for adjudication by the Court of Civil Appeals.

GREENWOOD and PIERSON, JJ. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.