**M. K. JACKSON et al., Appellants,**

**v.**

**David H. GISH et al., Appellees.**

**No. 4754.**

Court of Civil Appeals of Texas.

Waco.

April 3, 1969.

Rehearing Denied April 24, 1969.

J. Alex Blakeley, Dallas, Don R. Stodghill, Rockwall, Harold F. Curtis, Jr., Greenville, for appellants.

John W. Price, J. C. Thomas, Dallas, for appellees.

## OPINION

WILSON, Justice.

Two appeals are presented. Minority stockholders, appellees, brought this as a derivative action against the corporation and three of its directors who held a majority of its stock, alleging, among other acts, that the defendant directors had issued stock to themselves without consideration. The relief sought included an injunction, judgment for attorney's fees, for the value of corporate assets converted or diverted and for stock sold by defendants, and for cancellation of stock issued to defendant directors without consideration, with recovery of dividends paid. After a jury verdict, a lengthy judgment was rendered against the corporation and directors and a master was appointed.

Appellees move to dismiss the appeal for want of jurisdiction on the ground the motion for new trial and subsequent proceedings were not timely. This question turns on the date judgment was rendered. The judgment recites, "On this the 13th day of March, 1968 came" the parties, followed by narration of empaneling of the jury, other recitals and the adjudicatory provisions. At the end of the judgment above the signature of the trial judge is written: "Entered this 1st day of April, 1968". The motion for new trial was filed April 9, 1968. If it was filed within ten days after judgment was rendered, the motion and other proceedings were filed in time. Rule 329b, Texas Rules of Civil Procedure. In our opinion the motion for new trial and subsequent proceedings were timely.

Rule 306a provides that "the date of rendition of a judgment or order shall be the date upon which the written draft was signed by the trial judge as stated therein", and in event the date of signing is not so shown therein, "then the date of rendition shall be otherwise shown of record".

Appellee urges that the word "entered" does not indicate signing or rendition, and that the date first mentioned in the judgment must be held to fix the time of signature. Rosenfield v. Hull, Tex.Civ. App., 304 S.W.2d 571, writ dism., is relied on. We are not in agreement with the holding in that plea of privilege case. In neither of the cases cited in that opinion as precedents was there a direct holding that the date recited to be that on which the judgment was "entered" was not the date of rendition. In the first case cited the court implies it is proper to indulge a presumption that the trial court "intended to use the word 'entered' as meaning 'signed'". The mere fact that the two quoted terms are not synonymous, however does not require a holding that the use of "entered" is fatal.

The "term 'entry of judgment' is sometimes used in a general sense so as to include rendition of judgment". 49 C.J.S. Judgments § 106, p. 229. Even the Supreme Court frequently uses the term "entered" as meaning "rendered" when the distinction is

not significant.[1] The use of the term "entered" in this sense by the bench and bar of this state has become so prevalent that it is a matter of common knowledge of which we take judicial notice.

■ By supplemental transcript a nunc pro tunc judgment is presented in which the words "Rendered, signed and entered" replace "entered" on the original judgment. The error corrected is not judicial, but clerical, and it is the proper subject of judgment nunc pro tunc. Mahaley v. Jenkins, Tex.Civ.App., 369 S.W.2d 846; Brooks v. Hext, Tex.Civ.App., 392 S.W.2d 500, 503; Texas Employer's Insurance Ass'n v. Pillow, Tex.Civ.App., 268 S.W.2d 716, writ ref. n. r. e.; Alamo Casualty Co. v. Trafton, Tex.Civ.App., 228 S.W.2d 195. The judgment was properly rendered nunc pro tunc. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289, 291; Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041; Panhandle Construction Co. v. Lindsey, 123 Tex. 613, 72 S.W.2d 1068. The motion to dismiss for want of jurisdiction is overruled.[2]

■ We dispose next of the appeal of the corporation, Far-Pritt Associates, Inc., against which a default judgment was rendered, although its answer was on file, and notwithstanding it was dropped as a party defendant by amendment of pleadings. The default judgment against it is vacated. Since it was not a party defendant judgment is rendered that plaintiff take nothing against it. It is unnecessary to pass upon its complaints that the court erroneously disregarded a jury finding as to attorney's fees. The portion of the action against this corporation is severed.

The judgment against the directors must rest on the jury verdict. In our opinion the verdict will not support the judgment against them.

Plaintiffs' allegations are lengthy, but the posture of the case on appeal makes material those averments to the effect that stock issued to these defendants was without consideration; that they thereby misappropriated corporate assets; that stock was issued to them for service rendered without authority; and that they dealt in the stock of the corporation to their own interest and against the interests of the corporation by selling their own stock at a higher price when the corporation had its stock for sale at a lower price.

The material portion of the jury verdict is summarized as follows: (1) The three defendant directors "entered into a combination and agreement by concerted action to realize a profit to themselves by issuing" stock without consideration of money paid, labor done or property actually received. Five issues relating to the value of defendants' services were unanswered, having been conditionally submitted on the answer to an issue relating to salary waiver. (4–6A) Defendants sold their own stock at profits in amounts found by the jury while unissued stock was available from the corporation at a lower price. (7) A "no" answer was returned as to whether defendants "acted with malice" in their management of corporate affairs and dealings with stockholders.

■ Appellants' position is that the first jury finding is evidentiary, and not an utimate finding on which judgment may be

1. E.g.: Seaman v. Seaman, 425 S.W.2d 339, 340; Meyer v. Western Fire Ins. Co., 425 S.W.2d 628; Barfield v. Howard Smith Co. of Amarillo, 426 S.W.2d 834, 836; Parrott v. Garcia, 436 S.W.2d 897, 898; Trinity Universal Ins. Co. v. Barlite, Inc., 435 S.W.2d 849, 850; McAllen State Bank v. Texas Bank & Trust Co., 433 S.W.2d 167, 169; Hanover Manufacturing Co. v. Hanover Trailers Inc., 434 S.W.2d 109, 111.

2. It is unfortunate that the practice of apparently blind copying of form books in use of the preliminary phrase "on this the ——— day of ———" in judgments rendered long after the case went to trial should be productive of such problems as the present. Omission of the phrase, or at least of the word "this", and compliance with Rule 306a will likely obviate such questions.

rendered; and that since there is no finding of fraud in issuance of stock to them, the judgment was not authorized. We agree.

Whether the directors "entered into an *agreement*" to have stock issued without consideration, absent a finding that the stock was actually so issued, does not establish a cause of action and is not a basis for the judgment for recovery of 50,805 shares of stock from appellants. There is no finding of fraud. On the contrary, there is a negative answer to the issue concerning malice relating to appellants' conduct, with "malice" being defined in the charge as including "bad or evil motive".

■ Art. 2.16, Subd. C, Texas Business Corporation Act, V.A.T.S., provides that "In the absence of fraud in the transaction, the judgment of the board of directors or the shareholders, as the case may be, as to the value of the consideration received for shares shall be conclusive". After the stock in question was issued a resolution was adopted at a stockholders' meeting by a vote of 84,445 shares for to 12,039 against reciting that in view of the fact that defendants had worked for the corporation for over four years without cash salaries or pay "except about $1300 to M. K. Jackson, 17,085 shares to Paul Pritchett and 17,510 shares to Ed Taylor in said company, and in view of the fact that at the time said stock was so issued it was of the par value of $1.00 per share, but had no market value"; that since the corporation "does not now have, and has never had sufficient cash to pay for the reasonable value of the work done by them", and since defendants had waived any claim for cash payment for work done, the issuance of stock to defendants was validated, ratified and confirmed.

The evidence conclusively shows defendants performed services and contributed "labor done" to the corporation. Without establishing fraud, consequently, this determination of the value of defendants' services was, by the terms of the statute, conclusive.

Appellees reply that the jury "found acts that constitute fraud", but they do not point to any finding except the answer to the first issue. They cite no authority for a holding that if the issuance of the stock was not fraudulent its sale by defendants was actionable.

The bulk of the briefs of all parties is devoted to asserted jury misconduct, questions which we do not reach.

The action as to Far-Pritt Associates, Inc., as to which judgment is rendered, is severed from the remainder of the action. The judgment as to all parties except Far-Pritt Associates, Inc. is reversed and the cause remanded.

Reversed and rendered in part, and in part reversed and remanded.