The **CAPITOL LIFE INSURANCE COMPANY**, Appellant,

v.

Edna **RUTHERFORD**, Appellee.

No. 15766.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 29, 1971.

Gilbert & Christian; Floyd H. Christian, Jr., Angleton, for appellant.

James W. Bradford, Jr., Angleton, for appellee.

COLEMAN, Justice.

This was a suit to recover the proceeds of a policy of life insurance, together with

the statutory penalty, and interest, and a reasonable attorney's fee. Judgment for the plaintiff was entered on a jury verdict.

The judgment is attacked on the ground that the attorney's fee found by the jury, and allowed by the court, is not supported by the evidence and that the fee is grossly excessive. A question as to whether this court has jurisdiction to consider the appeal must be resolved also.

■ The record in this case was first received by this court in July, 1970, and was not filed for the reason that the date on which the judgment was signed did not appear in the judgment, for which reason it could not be established that the record was presented to the Clerk within the time allowed by the Rules of Civil Procedure. On January 29, 1971, an additional transcript was presented containing a nunc pro tunc judgment signed November 18, 1970. On that date both the transcript and the supplemental transcript were filed. The date the original judgment was signed was established by a notation on the judge's docket sheet. The omission of the date of signing from the judgment was in the nature of a clerical error which properly was corrected by the nunc pro tunc judgment. Rules 316 and 317, Texas Rules of Civil Procedure; Jackson v. Gish, 440 S.W. 2d 121 (Tex.Civ.App.—Waco 1969, writ ref., n. r. e.).

■ The nunc pro tunc judgment recited that the original judgment was signed on April 17, 1970. Appellant filed a motion for new trial on April 27, 1970, which was denied by written order on May 26, 1970. On November 30, 1970, appellant filed another motion for new trial. While it was not filed within ten days of the date on which the nunc pro tunc judgment was signed, it was filed within twenty days of that date. Rule 306c, T.R.C.P., provides that no motion for new trial shall be held ineffective because prematurely filed, and that such a motion shall be deemed to have been filed subsequent to the judgment, but on the same date. The original motion

will be considered as filed on the date the judgment nunc pro tunc was signed. The second motion for new trial would be treated as an amended motion and was filed in proper time. Rule 329b, T.R.C.P.; Texas Employers' Insurance Association v. Hartel, 289 S.W.2d 380 (Tex.Civ.App.—Amarillo 1956, writ dism'd).

Appellant's contention that there was no evidence, and insufficient evidence, to support the jury's answer to the issue on attorney's fees appears to be based primarily on its interpretation of Article 3.62 of the Insurance Code of this State, V.A.T.S., as requiring that the attorney's fee bear some reasonable relationship to the amount in controversy in the law suit.

Article 3.62 of the Insurance Code provides for a penalty in a specified percentage of the amount of the loss where the insurance company liable therefor fails to pay the same within thirty days after demand, "together with reasonable attorney fees for the prosecution and collection of such loss." It also provides that the court in fixing such fees "shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy."

The face value of the policy of insurance was $1,200.00. The maximum amount recoverable on the policy under the facts was $1,075.00 plus the 12% penalty, interest and attorney's fee. There was testimony that it was necessary for appellee's counsel to spend 112 hours in conferences with his client, investigation, briefing, and preparing pleadings. The case was set for trial on four different occasions. A jury was chosen on one previous occasion, at which time a settlement was agreed upon, but never put into final form. There were some ten motions and pleadings filed by appellant before the trial court, and counsel made some fifteen appearances before the trial court. A practicing lawyer from Brazoria County testified that based upon the Brazoria County minimum fee schedule, and the minimum fee schedule of the State

Bar of Texas, a reasonable fee for the preparation and trial of this law suit, considering the nature of the services rendered, the complexity of the legal questions involved, and the amount in controversy would be $4,-730.00, plus expenses. Another prominent attorney of that Bar testified that a reasonable attorney's fee should not exceed 50% of the amount in controversy. Based on the jury verdict, the court awarded an attorney's fee in the sum of $4,586.75.

■ The amount found by the jury to be a reasonable attorney's fee for the services performed in this case does not bear a reasonable relationship to the amount in controversy. However the statute does not require that the attorney's fee bear any particular relationship to the recovery sought or the results attained. It requires that the fee be reasonable under the particular circumstances of the case under consideration, and ordinarily the fee must bear some reasonable proportion to the amount involved. Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145 (1936); Southland Life Ins. Co. v. Norton, 5 S.W.2d 767 (Tex.Com.App. 1928).

■ The reasonableness of the attorney's fee sought in an insurance case is a question of fact, which may be submitted to a jury. Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901 (Tex. 1966); Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155 (1945); Trevino v. American National Ins. Co., 140 Tex. 500, 168 S.W.2d 656 (1943).

The verdict of the jury is supported by evidence, and it is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

■ In determining whether the verdict is excessive we have the right to look to the entire record in the case, and to view the matter in the light of the testimony, the record, the amount in controversy, and our own common knowledge and experience as lawyers and judges. Southland Life Ins. Co. v. Norton, supra.

■ Viewing this case in that light, we are of the opinion that the verdict is excessive. All lawyers and judges have had experience with "career cases", in which the amount in controversy will not justify the fee that would be required to fully compensate the lawyers involved. This appears to be such a case. There is no scientific method for determining the amount by which a verdict is excessive. In our judgment this verdict is excessive in the sum of $2,000.00. Unless a remittitur in this amount is filed with this court within fourteen days after the date of this opinion, the case will be reversed and remanded for a new trial. If the remittitur is duly filed, the judgment will be affirmed.

BELL, Chief Justice (dissenting in part).

I am in accord with the opinion of the court except to the extent of the remittitur of $2,000.00 required. I am of the view that the verdict is excessive to the extent of $2,500.00 and I would require a remittitur of $2,500.00.

On Remittitur

COLEMAN, Justice.

On April 29, 1971, we indicated by an opinion in writing that unless appellee Edna Rutherford filed a remittitur of $2,000.00 within fourteen days from the date of the opinion, this case would be reversed and remanded for a new trial; if the remittitur were duly filed, the judgment would be affirmed, Chief Justice Spurgeon E. Bell dissenting in part.

Appellee has filed the suggested remittitur of $2,000.00.

Accordingly, as of this date, the judgment of the trial court in favor of appellee, Edna Rutherford, is reformed by deducting the amount of $2,000.00 from the judgment recovered by said appellee, and, as so reformed, is affirmed.

Reformed and affirmed.