**UNION NATIONAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Inez Marie REESE, Appellee.**

**No. 572.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 9, 1972.

Rehearing Denied March 1, 1972.

Gerald S. Gordon, Strickland, Gordon & Sheinfeld, Ronald L. Ramey, Houston, for appellant.

George D. Gordon, Baggett, Kirk, VanKeuren & Gordon, Houston, for appellee.

SAM D. JOHNSON, Justice.

This was a suit on the accidental death provision in a life insurance policy issued

by the defendant insurance company to plaintiff, Inez Marie Reese, as beneficiary on the life of her seven year old minor son. Trial was to a jury. After such trial judgment was entered on the jury's verdict awarding plaintiff $500.00 accidental death benefits, $60.00 statutory penalty provided for in Tex.Ins.Code Ann. art. 3.62 (1963), V.A.T.S. and attorney's fees of $2,702.50.

The life insurance policy in question, dated December 19, 1960, was for the face amount of $500.00. It also contained a typical double indemnity provision by which the beneficiary would be paid an additional $500.00 should the insured suffer an accidental death. The child died on December 7, 1967, due to suffocation caused by a balloon he had swallowed while playing. Thereafter the mother surrendered the policy to an agent of the insurance company and on February 19, 1968, filed a claimant's statement and proof of death for $1,000.00. The insurance company tendered a check in the sum of $500.00 (the base amount of the policy) but denied liability under the accidental death benefits provision. Mrs. Reese cashed the $500.00 check several days later. On the day she received the check she called the insurance company and asked if she would be paid the additional $500.00, and she was told she probably would be paid. Afterwards, Mrs. Reese made a second call, at which time the insurance company denied further liability.

Appellee thereafter filed the present suit on February 29, 1968. Four amended petitions were subsequently filed which finally correctly identified the insured and the policy number. These amended petitions progressively raised the amount of attorney's fees sought to a final figure of $2,702.50. The insurance company answered with a general denial and a plea of accord and satisfaction. From the judgment rendered by the trial court this appeal is perfected.

In its brief before this Court the insurance company for the first time concedes that the decedent's death was accidental. Its brief then strongly urges other defenses, among which are accord and satisfaction, no sufficient demand for payment of the accidental death benefits and excessiveness of attorney's fees. Then, in oral argument before this Court the insurance company concedes that all of its defenses are without merit, citing Hallmark v. United Fidelity Life Insurance Co., 155 Tex. 291, 286 S.W.2d 133 (1956), and confines itself solely to the issue regarding the alleged excessiveness of attorney's fees. The sole question is whether the appellant insurance company has demonstrated that a remittitur in the $2,702.50 attorney's fee should be required. This, we are of the opinion, it has failed to do.

■ Attorney's fees must, of course, be reasonable under the particular circumstances of the case and bear some reasonable relationship to the amount in controversy. Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145 (1936); Southland Life Ins. Co. v. Norton, 5 S.W.2d 767 (Tex.Com.App.1928, holding approved); Capitol Life Insurance Company v. Rutherford, 468 S.W.2d 535 (Tex.Civ.App.-Houston (1st Dist.) 1971, no writ). The reasonableness of the attorney's fees is a question of fact, Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901 (Tex.Sup.1966), and such fact was here determined by a jury supported by competent evidence appearing in the record.

■ Appellant insurance company contends, however, that the instant case is an example of a "career case", a term utilized in the opinion of Capitol Life Insurance Company v. Rutherford, supra. That term was there used to refer to cases in which the small amount in controversy did not justify the fee necessary to compensate fully for the legal services rendered. While there are such instances there are also "career cases" which are made so by virtue of the multiplicity of dubious de-

fenses which are asserted, urged, argued and relied upon. In short, the defenses asserted are not commensurate with the facts involved. We believe it to be apparent that counsel for *either* party may make a "career case" out of particular litigation. Dubious or spurious defenses demand the preparation necessary to respond to them, add to the peril of rightful recovery and prolong the compensation for a claim which properly should be paid.

In the instant case the mother of the insured initially supplied the insurance company with a claimant's statement and proof of loss for the base amount of the policy plus the accidental death benefits. The death certificate supplied to the insurance company showed the cause of death as "asphyxia due to aspiration of foreign object" and described how the injury occurred by stating "decedent swallowed balloon." It was in the face of these rather apparent circumstances of accidental death that the insurance company denied liability under the accidental death provision of the policy.

Forced to file suit where the only possible point of dispute was whether the insured's death was an accident, Mrs. Reese was confronted with a number of defenses in the trial court. In addition to responding to these defenses she was forced to her proof on all elements of her case including attorney's fees. Every defense asserted by the defendant insurance company was subsequently abandoned—but only after response had been made and proof established.

On the particular issue of attorney's fees Mrs. Reese's counsel testified that his estimate of the time devoted to preparation of the case was 81 hours. In addition, Mrs. Reese presented testimony by an expert witness, L. J. Clayton, a practicing attorney in Harris County, to the effect that $3,490.00 would be reasonable compensation for 81 hours expended. Following the jury trial the defendant insurance company made motion to disregard jury findings,

motion for judgment and motion for judgment n. o. v.

Following the trial to a jury Mrs. Reese was then obliged to respond in this appeal. It was not until appellant insurance company's brief was filed in this Court that it was for the first time conceded that the death of the minor child was an accidental death as that term is defined in the policy. The first point of error in appellant insurance company's brief then strongly urges the defenses of settlement and accord and satisfaction. It was only during oral argument before this Court that such defenses were abandoned. Counsel for the insurance company now candidly characterizes, in oral argument before this Court, all of its own prior allegations and defenses as "garbage". As we view such record this is an instance of a "career case", but one made so by the defendant.

Article 3.62 of the insurance code provides for a penalty in a specified percentage of the amount of the loss where the insurance company liable for the loss fails to pay it within 30 days following demand, together "with reasonable attorney's fees" for the prosecution and collection of the loss. The attorney's fees awarded need not bear any particular relationship to the recovery sought or the recovery obtained, but rather must be reasonable under the particular circumstances of the individual case. In the present instance the amount of attorney's fees awarded by the trial court is within the range testified to as reasonable by an expert witness. Of particular significance in this instance is the fact that the defendant insurance company offered no testimony whatsoever on the issue of attorney's fees.

In deciding whether the verdict is excessive we are entitled to look to the entire record and to consider the fee in light of the record, the testimony, the amount in controversy, and our own experience and knowledge as attorneys and judges. Southland Life Ins. Co. v. Norton, supra; Capitol Life Insurance Company v.

Rutherford, supra. In so doing we conclude that appellant has wholly failed to demonstrate justification for any reduction in the attorney's fees found by the jury and decreed in the trial court's judgment.

The judgment of the trial court is affirmed.