**WUAGNEUX BUILDERS, INC.,**
Appellant,

v.

**CANDLEWOOD BUILDERS,**
INC., Appellee.

No. 2–82–136–CV.

Court of Appeals of Texas,
Fort Worth.

May 5, 1983.

Rehearing Denied June 9, 1983.

Law Offices of Earl Rutledge and Earl Rutledge, Fort Worth, for appellant.

Brown, Herman, Scott, Dean & Miles and J. Shelby Sharpe, Fort Worth, for appellee.

Before HUGHES, JORDAN and BURDOCK, JJ.

OPINION

JORDAN, Justice.

This is a suit by appellee on a sworn account to recover from appellant part of the cost of a retaining wall built for appellant and others by appellee. Judgment in the trial court was entered on a jury verdict for the amount of $5,635.00 plus attorney's fees for appellee's attorney.

We reform and affirm the judgment subject to remittitur.

In June of 1978, appellant, through its president and principal stockholder, Ed Wuagneux, and appellee entered into an oral agreement whereby appellee Candlewood Builders, Inc. was to build a retaining wall abutting Eagle Mountain Lake in Tarrant County in front of three adjoining lots. Appellant owned one of the lots, appellee owned one, and the third lot was owned by an individual not a party to this cause. It is undisputed that the parties, in making this agreement, agreed that each lot owner would be charged only the actual cost of building the wall along their individual property. Each lot owner, in other words, agreed only to pay its proportionate share of the actual cost of building the retaining wall.

The retaining wall was built and Wuagneux was billed $5,635.00 for the alleged actual cost of building the retaining wall along 61 feet of the lot owned by Wuagneux. Wuagneux refused to pay the bill, claiming that the charge was excessive and did not represent the actual cost of building Wuagneux's proportionate share of the wall.

The cause was submitted to a jury on two special issues. In answering Special Issue No. 1, the jury found that $5,635.00 was the reasonable value of the materials furnished and the services performed at the special

instance and request of appellant in building the retaining wall along appellant's property. By its answer to Special Issue No. 2 the jury found the reasonable amount of attorney's fees for services rendered appellee in the prosecution of this suit in the trial court and for services to be rendered in the Court of Appeals and the Supreme Court of Texas, should appeals be made to those appellate courts, in the total amount of $15,500.00.

In its first point of error, appellant contends that the answer of the jury to Special Issue No. 1 was against the great weight and preponderance of the evidence. In ruling on this point of error, we must consider all of the evidence, that which supports the verdict and that which militates against it. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951); *Dyer v. Sterett,* 248 S.W.2d 234 (Tex.Civ.App.— San Antonio 1952, no writ); *Continental Bus Systems, Inc. v. Biggers,* 322 S.W.2d 1 (Tex.Civ.App.—Houston 1959, writ ref'd n.r. e.). This court cannot substitute its own judgment for that of the jury, even if we would have reached a different conclusion on the facts. *Continental Bus Systems, Inc. v. Biggers, supra,* and *Dyer v. Sterett, supra.*

It is appellant's burden in this case to establish that the jury's answer that $5,635.00 was the reasonable value of the materials furnished and the services performed by appellee for appellant is so against the great weight and preponderance of the evidence in the entire record as to be manifestly unjust. *In Re King's Estate, supra; Continental Bus Systems, Inc. v. Biggers, supra.* We hold that appellant has failed to discharge this burden.

A review of this record reflects that, as usual, there was evidence both ways on the question of the reasonable value of the materials furnished and the services performed by appellee. Ed Wuagneux, president of Wuagneux Builders, Inc., who was a building contractor, and another construction expert, testifying in behalf of appellant, testified that the reasonable value of those items were considerably less than the amount charged by appellee. Wuagneux testified that $2,100.00 was the reasonable and necessary cost of the materials and services furnished, and Bob Wilkerson, the other construction expert, testified that $1,830.00 was the reasonable cost for building Wuagneux's portion of the retaining wall in 1978. Appellant's counsel also, on cross-examination of Leslie Jones, a representative of Candlewood Builders, Inc., who actually made the agreement with Wuagneux, brought out certain discrepancies in his testimony which indicated that an amount less than the $5,635.00 was the reasonable value of the materials furnished and the services performed.

On the other hand, appellee presented considerable testimony in support of the amount charged Wuagneux Builders, Inc. as the reasonable value in 1978 of the materials and services furnished appellant. Extensive and detailed testimony of the actual work performed for appellant was presented which demonstrated the excavation work, the machinery used, the time spent on the project, the materials used in constructing the wall and the cost of those materials. A plumbing contractor testified that he saw the work on the wall being done, from start to finish, that all of the work done and the materials used in the building of the wall were necessary, and that the entire wall was of good quality. A civil engineer testified that the reasonable and necessary charge for this work done by appellee was reasonably worth the sum of $7,000.00.

There is nothing extraordinary or unusual about the evidence in this record; it presents a somewhat typical and usual conflict, which was resolved by the jury. We cannot say that the jury's findings to Special Issue No. 1 was against the overwhelming weight and preponderance of the evidence. Appellant's first point of error is overruled.

Appellant's fourth point of error maintains that the trial court's judgment on attorney's fees was erroneous because it was not for a definite amount of money.

The trial court, based on the jury verdict, entered judgment for appellee for attorney's fees through trial of $5,000.00, $5,000.00 in the event of an unsuccessful appeal by appellant to the Court of Appeals, $3,500.00 if appellant's application for Writ of Error in the Supreme Court was granted, and another $2,000.00 for oral argument in the Supreme Court.

The judgment signed by the trial court, based on the jury verdict, was for a definite amount of attorney's fees, and appellant's fourth point of error is overruled. *See International Security Life Insurance Co. v. Spray,* 468 S.W.2d 347 (Tex.1971); *Hamrah v. Hamrah,* 547 S.W.2d 308 (Tex.Civ.App.— Dallas 1977, writ ref'd n.r.e.); *Seureau v. Mudd,* 515 S.W.2d 746 (Tex.Civ.App.— Houston [14th Dist.] 1974, writ ref'd n.r.e.).

■ In its second point of error, appellant argues that appellee was not entitled to attorney's fees under Tex.Rev.Civ.Stat. Ann. art. 2226 (Supp.1982) for the reason that there was no evidence that Wuagneux did not tender "the just amount owed" within thirty days of the date of presentation of appellee's claim. This position is untenable and not supported by the record in this case. There was ample evidence that payment of the amount of $5,635.00 for the materials furnished and the labor performed was demanded of appellant and that appellant did not pay the claim within thirty days of such demand. In fact, there was testimony from appellee's agent, Mr. Jones, that payment was not made within the thirty days, and that, in fact, had not been paid at the time of trial. This point of error is overruled.

■ Appellant next contends, in its third point of error, that the attorney's fees found by the jury in the total amount of $15,500.00, on which judgment was rendered by the court, was excessive. We agree and sustain this point.

Appellee's counsel testified, and the jury found, that $5,000.00 was a reasonable attorney's fee for his services through trial, that $5,000.00 was a reasonable attorney's fee in the event of an appeal to the Court of Appeals, that $3,500.00 was a reasonable fee if application for Writ of Error is made in the Supreme Court of Texas, and that $2,000.00 was reasonable if Writ of Error was granted by the Supreme Court.

Appellee's counsel testified at trial that as of that time he had 52 hours, 40 minutes total time in the case, including 8 hours of information gathering and research, 6 hours on pleadings, 2 hours, 25 minutes in deposition, 9 hours spent on 54 pieces of correspondence, one hour 30 minutes in conferences, and 26 hours, 45 minutes in trial. He also testified that his charges for appellate work were not related to time, but based solely on his expertise and experience in appellate work. He testified that "Unquestionably, the amount [appellee's charges] in issue here has nothing to do with it [attorney's fees]."

In our opinion, and without intending any disparagement of appellee's counsel in this case, these fees, individually and collectively, were excessive. This was not a complicated or difficult case. The questions involved in this typical sworn account case were relatively simple and did not require unusual or extraordinary lawyer skills.

■ The question of what is a reasonable attorney's fee is a fact question to be determined by the fact finder. *Smith v. Davis,* 453 S.W.2d 340 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.); *Neal v. Neal,* 606 S.W.2d 729 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). But the trial or appellate court has the duty to reduce the fee awarded if it is excessive. *Southland Life Ins. Co. v. Norton,* 5 S.W.2d 767 (Tex. Comm'n App.1928, holding approved); *Argonaut Ins. Co. v. ABC Steel Products,* 582 S.W.2d 883 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). With regard to excessiveness, attorney's fees are in the same category as general damages. 17 Tex.Jur.2d Damages § 20, p. 100 (1960).

■ In determining whether the award is excessive, the reviewing court is entitled to look at the entire record and to view the matter in the light of the testimony, the amount in controversy, the nature of the

case, and our common knowledge and experience as lawyers and judges. *McFadden v. Bresler Malls, Inc.,* 548 S.W.2d 789 (Tex.Civ. App.—Austin 1977, no writ); *Argonaut Ins. Co. v. ABC Steel Products, supra; Union National Life Insurance Company v. Reese,* 476 S.W.2d 928 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

■ Attorney's fees, where recoverable, must be reasonable under the particular circumstances of the case and *must bear some reasonable relationship to the amount in controversy. Republic Nat. Life Ins. Co. v. Heyward,* 568 S.W.2d 879 (Tex.Civ.App. —Eastland 1978, writ ref'd n.r.e.); *Union National Life Insurance Company v. Reese, supra; Argonaut Ins. Co. v. ABC Steel Products, supra.*

■ Considering the record in this case, the lack of complexity involved therein, the amount in controversy, and the applicable law above discussed, we find that the finding of the jury as to each category of attorney's fees, enumerated above, was excessive, and that the total amount of attorney's fee of $15,500.00 on a sworn account involving a claim of $5,635.00 was considerably excessive. Consequently, if appellee files in this court within ten days from the date of this opinion a remittitur of $2,500.00 from the award of $5,000.00 for preparation and trial of this cause, $3,500.00 from the award of $5,000.00 for this appeal, and an additional $4,500.00 from the award of $5,500.00 in the event of an appeal to the Supreme Court, we will reform the judgment and affirm. Otherwise, the judgment of the trial court, with respect to attorney's fees only, will be reversed and remanded.

Reformed and affirmed subject to remittitur.