COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOSHUA CORDOVA,                                        )                  No. 08-03-00362-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  168th District Court
)
SOUTHWESTERN BELL YELLOW                )                  of El Paso County, Texas
PAGES, INC.,                                                     )
                                                                             ) (TC# 2001-2623)
                                    Appellee.                          )

O P I N I O N

            Joshua Cordova appeals from the trial court’s award of attorney’s fees in favor of
Southwestern Bell Yellow Pages (SWBYP) in connection with its suit to collect an unpaid
advertising debt. We reform the judgment due to a mathematical error and affirm the judgment as
reformed.
FACTUAL AND PROCEDURAL SUMMARY
            Upon Cordova’s failure to pay his advertising bill of $7,092.18, SWBYP sued on a sworn
account and alleged breach of contract and quantum meruit. Cordova then filed an answer in which
he pled the affirmative defenses of failure of consideration, breach of contract, misrepresentation,
and fraud. He also filed a counterclaim requesting that the contract be rescinded or cancelled due
to material misrepresentations--that his advertisement would be the largest in his advertising
category and at the top of the page--fraud in the inducement, breach of contract, and violations of
the Texas Deceptive Trade Practices Act. 
            After a bench trial, the trial court awarded judgment in favor of SWBYP for $7,092.18 plus
$20,885 in attorney’s fees. Cordova appeals only the fee award in ten issues for review. He does
not complain of the contingent appellate fees.
THE EVIDENCE AT TRIAL
            The evidence pertaining to attorney’s fees came from three sources: (1) testimony of
SWBYP’s attorney Stuart Schwartz, (2) testimony from Tony Conde, Cordova’s counsel, and (3)
billing statements admitted into evidence as Plaintiff’s Exhibit 10. Schwartz testified that he
received the file on June 21, 2001 and prepared a demand letter and petition. When Cordova did not
respond to the demand letter, suit was filed. He had difficulty locating Cordova and in August, he
prepared a judgment of certificate of his last known address. Before the certificate was filed,
Cordova answered and filed his counterclaim, which in addition to seeking rescission, also sought
economic and exemplary damages. Schwartz not only had to prepare the collection suit, he had to
defend Cordova’s claims of fraud and deceptive trade practices. He did not learn until the day of
trial that Cordova admittedly had no evidence to support his claims. 
            Schwartz testified that he believed the billing statements contained in Plaintiff’s Exhibit 10
totaled $17,590.


 This figure did not include the 23.25 hours he spent in preparation for trial. What
would have been a simple case had become substantially more difficult due to Cordova’s
counterclaims. Schwartz believed the respective claims of the parties were interrelated and that he
needed to defend the counterclaims in order for SWBYP to recover. He testified that the fees were
reasonable and necessary for El Paso County and that he was the only board certified attorney in
creditors’ rights law in town. On cross-examination, Schwartz acknowledged that the case was
originally taken on a contingency basis but that when the counterclaim arose, he reverted to an hourly
fee of $150. His normal hourly rate was between $200 and $225. 
            Tony Conde, Cordova’s attorney, testified that he had been licensed in Texas since 1981 and
had practiced in El Paso since 1983, primarily in civil litigation. When Conde agreed to represent
Cordova, he indicated that the case was straightforward and that a large amount of attorney’s fees
would not be incurred. Conde believed that even with Cordova’s counterclaim, fees would be
limited to $1,500 or $2,000. He believed a fee of $20,000 was not reasonable, necessary, or
customary. Conde admitted that written discovery was conducted, including interrogatories, requests
for disclosure and responses, and requests for production. Cordova was deposed twice and his half-brother was deposed once. Discovery disputes arose, motions to compel were filed, and hearings
were held. Conde admitted that he realized that Cordova did not have any lost profits the year before
trial.
TRIAL COURT’S CALCULATION
            This appeal proceeds without the benefit of formal findings of fact and conclusions of law. 
However, the trial court detailed her calculations in her ruling:
The attorney’s fees. The 17,595


 previously requested will be awarded, minus the
1.5 hours which are the items set out in the April 7th bill.


 . . . And then the April
bill totaling $3,485


 is awarded . . . .

The judgment provides for attorney’s fees of $20,885.




ATTORNEY’S FEES
            A determination of reasonable attorney’s fees is a question for the trier of fact. Stewart Title
Guaranty Co. v. Sterling, 822 S.W.2d 1, 12 (Tex. 1991). However, the appellate court has the duty
to reduce the award if it is excessive. Southland Life Insurance Co. v. Norton, 5 S.W.2d 767 (Tex.
Comm’n App. 1928, holding approved); Capitol Life Insurance Company v. Rutherford, 468 S.W.2d
535 (Tex.Civ.App.-- Houston [1st Dist.] 1971, no writ). The amount of a fee award fees rests in the
sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear
abuse of discretion. Rowley v. Lake Area Nat’l Bank, 976 S.W.2d 715, 724 (Tex.App.--Houston [1st
Dist.] 1998, pet. denied). Even though the appropriate standard of review is abuse of discretion, we
may nevertheless review a fee award for sufficiency of the evidence. Stewart Title Guaranty Co.,
822 S.W.2d at 11. This hybrid analysis requires a two-pronged inquiry. Did the trial court have
sufficient information upon which to exercise discretion and, if so, did the trial court err in the
application of its discretion? The traditional sufficiency review comes into play with regard to the
first question; however, our inquiry cannot stop there. We must proceed to determine whether, based
on the elicited evidence, the trial court made a reasonable decision. Stated inversely, we must
conclude that the trial court’s decision was neither arbitrary nor unreasonable. See Lindsey v.
Lindsey, 965 S.W.2d 589, 592 (Tex.App.--El Paso 1998, no pet.).
Entitlement to Fees
            A party may recover reasonable attorney’s fees if it prevails and recovers damages on a cause
of action for which attorney’s fees are recoverable. See Tex.Civ.Prac.&Rem.Code Ann. § 38.001
(Vernon 1997); Green Int’l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). A person may recover
reasonable fees in addition to the amount of a valid claim and costs if the claim is for (1) rendered
services; (2) performed labor; (3) furnished material; (4) freight or express overcharges; (5) lost or
damaged freight or express; (6) killed or injured stock; (7) a sworn account; or (8) an oral or written
contract. Tex.Civ.Prac.&Rem.Code Ann. § 38.001. The statute also allows for the recovery of
fees in a suit for quantum meruit. See Olivares v. Porter Poultry & Egg Co., 523 S.W.2d 726
(Tex.Civ.App.--San Antonio 1975, no writ)(involving a quantum meruit claim for materials
furnished). All three causes of action pled by SWBYP fall within Section 38.001. See
Tex.Civ.Prac.&Rem.Code Ann. § 38.001(1), (7), (8). A fee award to the prevailing party is
mandatory under the statute if there is proof of the reasonableness of the fees. See World Help v.
Leisure Lifestyles, Inc., 977 S.W.2d 662, 683 (Tex.App.--Fort Worth 1998, pet. denied), citing
Atlantic Richfield Co. v. Long Trusts, 860 S.W.2d 439, 449 (Tex.App.--Texarkana 1993, writ
denied), Budd v. Gay, 846 S.W.2d 521, 524 (Tex.App.--Houston [14th Dist.] 1993, no writ). A trial
court has limited discretion to fix the amount of attorney’s fees, but it does not have the discretion
to completely deny fees if they are proper under Section 38.001. World Help, 977 S.W.2d at 683,
citing Budd, 846 S.W.2d at 524.  
Necessary Fees
            In Point of Error No. Two, Cordova contends that the fees were unnecessary. Some statutes
authorize recovery of attorney’s fees only if the fees are both “reasonable” and “necessary.” Such
is the case with the Texas Deceptive Trade Practices Act. See Murrco Agency, Inc. v. Ryan, 800
S.W.2d 600, 606 (Tex.App.--Dallas 1990, no pet.), citing Green Tree Acceptance, Inc. v. Pierce, 768
S.W.2d 416, 424-25 (Tex.App.--Tyler 1989, no writ); Tex.Bus.&Com.Code Ann. § 17.50(d)
(Vernon 2002). The Texas Uniform Declaratory Judgments Act also requires a showing that the fees
are necessary. See Barshop v. Medina County Underground Water Conservation Dist., 925 S.W.2d
618, 637 (Tex. 1996); Oake v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985). However, the fees
here were awarded pursuant to Section 38.001, which contains no requirement that fees be both
reasonable and necessary. See Tex.Civ.Prac.&Rem.Code Ann. § 38.001 (claimant may recover
“reasonable” attorney’s fees). Point of Error No. Two is overruled.
Inequitable and Unjust
            In Point of Error No. Three, Cordova complains that the fees were inequitable while in Point
of Error No. Four, he maintains that the fees were unjust. He directs us to Abraxas Petroleum Corp.
v. Hornburg, 20 S.W.3d 741 (Tex.App.--El Paso 2000, no pet.) in support of his argument. His
reliance is misplaced, however, since Abraxas involved fees awarded pursuant to the Declaratory
Judgments Act, not Section 38.001. See id. at 762. To recover under the Declaratory Judgments
Act, the prevailing party must demonstrate not only that the fees are reasonable and necessary but
that the award is equitable and just. See Barshop, 925 S.W.2d at 637; Oake, 692 S.W.2d at 455. 
When fees are awarded under Section 38.001, the prevailing party must establish only that the fees
are reasonable. See Tex.Civ.Prac.&Rem.Code Ann. § 38.001. Points of Error Nos. Three and
Four are overruled.
Segregation of Fees
              In Point of Error No. Nine, Cordova claims that some of the fees sought related to the
defense of his counterclaim, which was separate from the simple suit on a sworn account. He argues
that SWBYP’s counsel billed 68 hours at a rate of $150 per hour for services related to the
counterclaim, resulting in $10,245 which should not be charged against him because the claims were
not interrelated. SWBYP counters that while Cordova sought no affirmative relief by the time of
trial, he used his counterclaims to obtain an offset for the amount he owed. Since the essence of
Cordova’s counterclaim was that a misrepresentation was made to induce the contract, SWBYP
argues that it had to defeat Cordova’s counterclaim in order to collect its debt and concludes that
the claims were interrelated.
            A party may recover attorney fees rendered in connection with all claims if they arise out of
the same transaction and are “so interrelated that their prosecution or defense entails proof or denial
of essentially the same facts.” Flint & Assocs. v. Intercontinental Pipe & Steel, Inc., 739 S.W.2d
622, 624-25 (Tex.App.--Dallas 1987, writ denied). Fees attributable to the defense of a counterclaim
are not recoverable unless the facts necessary for the plaintiff to recover also serve to defeat the
counterclaim. RepublicBank Dallas, N.A. v. Shook, 653 S.W.2d 278, 278 (Tex. 1983); Crow v.
Central Soya Co., Inc., 651 S.W.2d 392, 396 (Tex.App.--Fort Worth 1983, writ ref’d n.r.e.), citing
Wilkins v. Bain, 615 S.W.2d 314 (Tex.Civ.App.--Dallas 1981, no writ).
            During his opening statement, Cordova’s counsel stated that Cordova could not demonstrate
any actual damage to his business as a result of the alleged misrepresentations. He admitted that the
counterclaim was “more in the nature of a defensive pleading where he [wa]s requesting . . . some
type of credit or offset that although the ad did come out, it did not come out in the form or fashion
that was represented to him.” Cordova also stipulated he had suffered no damages with regard to
his DTPA claim. When Cordova’s counsel was asked whether this stipulation also applied to
Cordova’s fraud claim, counsel admitted that the fraud claim was a defense, not a claim for
affirmative relief. 
            Because Cordova pled his counterclaim as an affirmative defense, SWBYP had to overcome
his claims of misrepresentation in order to prevail on its debt collection. See RepublicBank, 653
S.W.2d at 282. Consequently, an overlap existed in the time charged in developing the case and
SWBYP did not need to segregate its attorney’s fees between claims. Point of Error No. Nine is
overruled.
Reasonableness Factors
            In his remaining issues for review, Cordova argues that the fee award was unreasonable. 
Point of Error No. One is a global challenge to the reasonableness of the fee. In Point of Error No.
Five he claims that the fees injured him while in Point of Error No. Six he argues that the fees
prejudiced him. In Point of Error No. Seven, he argues that the fee did not bear a reasonable
relationship to the amount in controversy. Point of Error No. Eight alleges that SWBYP’s counsel
overprepared the case. Point of Error No. Ten complains of the sufficiency of the evidence to
support a finding that the fees were reasonable.
            In determining whether the award is excessive, we are entitled to look at the entire record and
to view the matter in the light of the testimony, the amount in controversy, the nature of the case, and
our own common knowledge and experience as lawyers and judges. McFadden v. Bresler Malls,
Inc., 548 S.W.2d 789 (Tex.Civ.App.--Austin 1977, no writ); Southland Life Insurance Co., 5 S.W.2d
at 767; Union National Life Insurance Company v. Reese, 476 S.W.2d 928 (Tex.Civ.App.-- Houston
[14th Dist.] 1972, writ ref’d n.r.e.); Capitol Life Insurance Company, 468 S.W.2d at 535. The
factors most frequently considered by courts in determining whether attorney’s fees are reasonable
are: (1) the time and labor involved, the novelty and difficulty of the questions involved, and the
skill required to perform the legal services properly; (2) the likelihood that the acceptance of the
particular employment will preclude other employment by the lawyer; (3) the fee customarily
charged in the locality for similar legal services; (4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the
professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or
lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained
or uncertainty of collection before the legal services have been rendered. Academy Corp. v. Interior
Buildout & Turnkey Const., Inc., 21 S.W.3d 732, 741 (Tex.App.--Houston [14th Dist.] 2000, no
pet.), citing Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997). 
Relationship to Amount in Controversy
            Attorney’s fees must bear some reasonable relationship to the amount in controversy. 
Republic Nat. Life Ins. Co. v. Heyward, 568 S.W.2d 879 (Tex.Civ.App.--Eastland 1978, writ ref’d
n.r.e.); Union National Life Insurance Company, 476 S.W.2d at 928; Argonaut Ins. Co. v. ABC Steel
Products Co., Inc., 582 S.W.2d 883 (Tex.Civ.App.--Texarkana 1979, writ ref’d n.r.e.). But the
amount of damages awarded is but one factor in determining the reasonableness of a fee award. The
award here was not excessive despite the fact that the fees were greater than the damages. See
Stuckey v. White, 647 S.W.2d 35, 37 (Tex.App.--Houston [1st Dist.] 1982, no writ). Even fees which
amount to three times the amount of actual damages may be reasonable, depending on the facts of
the case. See Murrco Agency, Inc. v. Ryan, 800 S.W.2d 600, 602 (Tex.App.--Dallas 1990, no
pet.)(fee award of $92,000 upheld where damages approximated $28,000). This was not a simple
debt collection. By his counterclaim, Cordova requested damages for lost profits, attorney’s fees,
court costs, prejudgment interest, and exemplary damages. Despite the knowledge that Cordova had
no evidence of actual damages, this information was not related to SWBYP until the day of trial a
year later. And so, as it turned out, the trial itself was not complicated. But the preparation was. 
Point of Error No. Seven is overruled.
Overpreparation of Case 
            Cordova asserts that SWBYP’s counsel overprepared the case. He maintains that 23.25 hours
spent in trial preparation was unnecessary for a case involving only two witnesses and a five-minute
conversation in which the alleged misrepresentations were made.
            If the prevailing party has overprepared the case, then the party liable for attorney’s fees
should not be held responsible for time spent in overpreparation. Giles v. Cardenas, 697 S.W.2d
422, 430 (Tex.App.--San Antonio 1985, writ ref’d n.r.e.), citing Wuagneux Builders, Inc. v.
Candlewood Builders, Inc., 651 S.W.2d 919, 922 (Tex.App.--Fort Worth 1983, no writ); Allied
Finance Co. v. Garza, 626 S.W.2d 120, 127 (Tex.App.--Corpus Christi 1981, writ ref’d n.r.e.). We
disagree that the case was overworked. Due to the counterclaim, SWBYP had to conduct additional
discovery. Cordova admitted the day of trial that he was not pursuing his counterclaim, a fact he had
withheld for a year. While the trial turned out to be uncomplicated, SWBYP did not know that
ahead of time. Point of Error No. Eight is overruled. Based upon the record, we conclude that the
fee award was reasonable. Consequently, we find no abuse of discretion that has injured or
prejudiced Cordova. Points of Error Nos. One, Five, and Six are overruled. 
Sufficiency of the Evidence
            Finally, we turn to the sufficiency of the evidence to support the award. Cordova argues that
the invoices submitted by SWBYP actually total $13,389 rather than the $17,590 as testified to at
trial. In our own examination of the billing statements, we calculate a total of $14,747.19. SWBYP
has conceded the mistake. We sustain Point of Error No. Ten and reform the judgment to reflect a
fee award of $18,007 ($14,747 - $225 + $3485). See Tex.R.App.P. 43.3. The judgment is affirmed
as reformed.

August 12, 2004                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 1
Larsen, McClure, and Chew, JJ.