### MARTIN v. MARTIN.

No. 15320.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 8, 1952.

Rehearing Denied March 7, 1952.

Joe Spurlock, Denning Schattman, and J. C. Duval, all of Fort Worth, for appellant.

Slay & Slay, of Fort Worth, for appellee.

HALL, Chief Justice.

Appellee M. R. Martin and appellant J. W. Martin, Jr., are brothers; their homes are located on adjoining lands. Appellee sued appellant for actual and exemplary damages due him, caused by appellant's wilful act in partially destroying appellee's residential sewage disposal system and especially the lateral drainage lines connected thereto.

The trial court rendered judgment, based upon jury's findings, in favor of appellee and against appellant in the sum of $178 actual damages and $400 exemplary damages. Said court permanently enjoined appellant from trespassing upon the land owned by appellee and from molesting or tampering with appellee's disposal system. The jury further found that the septic tank and lateral lines in question were located on appellee's land.

Appellant contends in his eight points that:

(1) The evidence is insufficient to support the trial court's judgment because appellee's disposal line in question was located on appellant's land.

(2) The trial court erred in allowing certain exhibits to be introduced by appellee without complying with Rule 798, Texas Rules of Civil Procedure, Art. 3726, as amended, Vernon's Ann.Civ.St.

(3) The order of injunction should be dissolved for lack of certainty.

(4) An award of $178 actual damages is excessive.

(5) The trial court erred in allowing the jury to take into consideration appellant's financial status while assessing exemplary damages.

(6) The trial court erred in submitting special issue No. 6 and refusing appellant's requested special issues upon questions of limitation. The trial court arbitrarily enlarged the area appellant claimed by limitation.

Both appellant and appellee, in the trial court, claimed ownership of the strip of land under which the lateral line was located. Appellant admitted digging up the end of appellee's sewer line, which action appellee testified ruined his sewer system, causing water to back up from the sewer into his house. The sewer lateral line in question was located in an old fence row which lay inside of appellant's enclosure and adjacent to the fence erected between the lands of appellant and appellee. Appellee testified that in 1932 he removed the fence from this old fence row and placed it on to his land where it is presently located.

For purpose of this appeal, we will consider that the portion of this old fence row in question is owned by appellant. We are confronted with the question as to whether appellant's wilful act, in destroying the sewer lateral line under such conditions, would support grounds for a cause of action for damages against him.

No doubt a person has a right to have removed from his premises, structures placed there without his consent, (hazarding the principle of estoppel) by other parties regardless of whether the same is injurious to his property or not. Owners of real property also may protect injury of same from a nuisance. The following legal remedies are available to parties for such relief:

(a) As an encroachment under the theory of our law pertaining to adjoining landowners, 1 Tex.Jur. p. 711.

720

(b) By abatement of a nuisance under remedies enumerated in 31 Tex.Jur. p. 442.

(c) For damages to real property, 13 Tex.Jur. p. 160, Sec. 73.

(d) To bring a statutory action in Trespass to Try Title, 41 Tex.Jur. p. 420, Sec. 10.

(e) By obtaining an injunction, 24 Tex. Jur. p. 51, Par. 33.

■ Under the remedies enumerated to abate a nuisance, supra, there is included the right under some circumstances for the injured party to summarily abate the nuisance by force. It is there pointed out that such action is very dangerous and should be resorted to only when " * * * the exigencies of the case will not brook delay; where there is time and opportunity for the interposition of an adequate legal remedy, which may be effectual, the law will not justify a summary resort to force." 31 Tex.Jur. p. 442. See also Humphreys Oil Company v. Liles, Tex.Civ.App., 262 S.W. 1058, affirmed by Tex.Com.App., 277 S.W. 100; Bollinger v. McMinn, 47 Tex.Civ. App. 89, 104 S.W. 1079.

Other facts are, appellant's residence is located quite some distance from that of appellee. The main complaint appellant raised against appellee's use of the sewer system was that it allowed water to saturate a small area immediately surrounding the end of this lateral line in question. Appellant had never requested appellee to remove the sewer line. He knew it had been there for some time because he testified that his tractor had bogged down in this marshy area about a year before he admitted destroying the same.

■ The facts in this case will not legally justify appellant's wilful action in destroying a portion of appellee's sewer lines, thereby causing material damage to the entire system and discomfort which he and his family suffered in the interim.

■ We find from the evidence adduced that the trial court did not err in rendering judgment against appellant upon the jury's findings. The strict rules pertaining to a statutory action in trespass to try title do not apply in a case of this kind. 7 Tex.Jur. p. 216. Therefore, the irregularities complained of by appellant are not of such a nature as would allow a reversal.

■ Since ownership of the strip of land in question, upon which the damaged sewer line is located is not before us, we deem it necessary to modify the trial court's judgment, granting injunctive relief by dissolving that portion perpetually enjoining appellant from trespassing upon said strip of land. In all other respects the judgment of the trial court is affirmed.

Judgment of the trial court modified and as modified, affirmed.