Alton ALLEN, Appellant,

v.

VIRGINIA HILL WATER SUPPLY CORPORATION, Appellee.

No. 1393.

Court of Civil Appeals of Texas, Tyler.

Nov. 26, 1980.

Loyd N. Jones, Tyler, for appellant.

Alan B. Boswell, Athens, for appellee.

McKAY, Justice.

Appellee Virginia Hill Water Supply Corporation (Water Supply) brought suit in trespass to try title against Alton Allen (Allen) for removal of an encroaching building and for damages. After trial to the court, judgment was rendered for Water Supply for damages of $500 plus interest, and Allen was ordered to remove the portion of his building, at his expense, from the property of Water Supply within 45 days.

Allen brings this appeal complaining that the trial court erred (1) in granting a mandatory injunction requiring him to remove a portion of the building which he had no part in erecting, and (2) in holding there is some evidence to sustain awarding damages to Water Supply.

Allen's predecessor in title to a lot which joined the lot of Water Supply constructed a building on the Allen lot which extended over the property line onto the Water Supply lot several feet. Neither Allen nor Water Supply knew the building was partially located on Water Supply property until Water Supply started an expansion program and desired to use all of its lot. The encroachment of the building was then determined by a survey of the property. Water Supply notified Allen, and negotiations for several months to buy, sell or lease failed, and Allen's offer to let Water Supply remove the encroachment was refused. Allen also refused to remove the encroaching part of his building.

The record reveals that Water Supply claimed and offered evidence that their damages were incurred by being delayed in using their land for one and a half years, and by being forced to buy other land costing $1,750. There was evidence the encroaching portion of the building could be torn down and removed for $400.

The trial court made findings of fact that Allen is the owner of a building encroaching upon 251 square feet of land owned by Water Supply; Water Supply has been denied the use and enjoyment of said property to the benefit of Allen; Water Supply, due to circumstances, could not rent land to compensate for the loss of use of property encroached upon; Water Supply had to purchase additional land to replace land encroached upon by Allen, and cost of such land was $1,750.

Conclusions of law were made that Water Supply is not estopped from claiming damages; Water Supply's cause of action is not barred by the statute of limitations; Water Supply was damaged by denial of the use of land in the amount of $500 and the cost of removing such encroachment, which should be paid by Allen; and the $500 in damages shall bear interest at the rate of eight per cent per annum from September 14, 1979, until paid.

Allen argues that when he acquired title to his lot he did not acquire title to any property located on the Water Supply lot and that he claims no interest in the part of his building which encroaches upon the lot of Water Supply. He maintains that he neither owns, has any right to, nor claims ownership to the encroaching part of the building, and he relies upon *City and County of Dallas Levee Imp. Dist. v. Carroll*, 263 S.W.2d 307, 310 (Tex.Civ.App.-Dallas 1953, writ ref'd n.r.e.) to sustain his position that he should be required "to remove only the buildings and other property which belong to him or which he may have placed on the property himself, or which may have been placed there under his purported authority." We do not agree with this contention.

■ Appellant's present attempt to disclaim ownership in a portion of the building is inconsistent with his past actions and will not relieve him of the obligation to remove said portion.

The record discloses that appellant had exercised full control over the entire building since he purchased the property. Evidence was presented which showed that he previously leased the building at $115 per

month prior to the institution of this suit and had in fact offered to lease the building to appellee for $100 per month.

■ The general rule on encroachment by an adjoining owner has been stated that an owner may not erect a building or structure, in whole or in part, beyond the line dividing his land from that of the adjoining owner without incurring liability therefor. 2 Tex.Jur.3d Adjoining Landowner, § 5, p. 23. See *Commanche Duke Oil Co. v. Texas Pacific Coal & Oil Co.*, 298 S.W. 554, 559 (Tex.Comm'n App.1927, holding approved).

An encroachment has been described as "an improvement on one person's land extending over the line onto adjoining land and thus occupying and using the adjoining property, without any agreement or easement regarding such use or occupation." 2 Tex.Jur.3d Adjoining Landowners § 4, p. 22; *McBurney v. Knox*, 259 S.W. 667, 674 (Tex.Civ.App.-Beaumont 1924, aff'd 273 S.W. 819 (Tex.Comm'n App.1925, jdmt. adopted).

"No doubt a person has a right to have removed from his premises, structures placed there without his consent, * * * by other parties regardless of whether the same is injurious to his property or not. Owners of real property also may protect injury of same from a nuisance * * *," *Martin v. Martin*, 246 S.W.2d 718, 719 (Tex.Civ.App.-Fort Worth 1952, no writ).

*Martin v. Martin*, supra, also holds at page 719–20 that when structures are placed on one's property without his consent, remedy may be had (1) as an encroachment pertaining to adjoining landowners, (2) by abatement of a nuisance, (3) for damages to real property, (4) by an action in trespass to try title, and (5) by obtaining an injunction.

We quote from Restatement 2d, Torts, § 161, p. 289:

"(2) A trespass may be committed *by the continued presence* on the land of a structure, chattel, or other thing *which the actor's predecessor in legal interest therein has tortuously placed there, if the ac-*

*tor,* having acquired his legal interest in the thing with knowledge of such tortious (sic) conduct or *having thereafter learned of it, fails to remove the thing."* (Emphasis added).

A *continuing* encroachment upon the land of an adjoining owner by either erecting or *maintaining* a building thereon without any right to do so is a trespass and also a private nuisance. 1 Am.Jur.2d Adjoining Landowners § 118, p. 769; 2 C.J.S. Adjoining Landowners, § 40, p. 43. An owner whose land is subjected to an encroachment may seek equitable relief against further maintenance or to compel its removal.

Even though the building involved here was built by Allen's predecessor in title and possession, it is our view that such a permanent improvement which encroached upon Water Supply's land was of a continuing character for which a mandatory injunction will lie to compel the removal of the encroachment. 1 Am.Jur.2d Adjoining Landowners, § 128, pp. 776–7; *City and County of Dallas Levee Imp. Dist. v. Carroll,* supra; *Martin v. Martin,* supra; *Miguez v. Blake,* 37 S.W.2d 234, 235 (Tex.Civ. App.-San Antonio 1931, writ dism'd). We hold that the trial court did not err in ordering Allen to remove that portion of his building which encroached upon the land of Water Supply.

Allen complains in his second point that there was no evidence in the record to sustain a finding of damages against him. We disagree. There is in the record evidence that Water Supply was delayed in using its land for a year and a half, and that it was forced to buy other land costing $1,750. The awarding of $500 damages to Water Supply is supported by ample evidence.

Judgment of the trial court is affirmed.