John C. STUKES and Joan
F. Stukes, Appellants,

v.

Marvin BACHMEYER, Individually
and d/b/a Marvin Bachmeyer Road
Construction Co., Appellee.

No. 11–05–00362–CV.

Court of Appeals of Texas,
Eastland.

Aug. 16, 2007.

Rehearing Overruled Oct. 25, 2007.

E. John Gorman, Houston, for appellants.

Robert B. Todd, Law Office of Robert B. Todd, Taylor, for appellee.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

John C. Stukes and Joan F. Stukes appeal from the jury's adverse findings on their claims against Marvin Bachmeyer, individually and d/b/a Marvin Bachmeyer Road Construction Co. and the jury's findings on Bachmeyer's claim for attorney's fees. We affirm on suggestion of remittitur.

### I. *Background Facts*

Bachmeyer and the Stukeses owned neighboring properties. They entered into an oral agreement to allow Bachmeyer to use the Stukeses' property to graze cattle. In exchange, Bachmeyer agreed to replace the fence separating the two properties. The parties also agreed that the Stukeses would pay Bachmeyer for his labor and materials to remove brush and otherwise improve the Stukeses' property. The total value of Bachmeyer's services was $8,186. However, the Stukeses did not pay him, and he sued. The Stukeses filed counterclaims for breach of contract, negligence, trespass, promissory estoppel, and a declaratory judgment. Specifically, they asserted that Bachmeyer failed to perform his services in a good and workmanlike manner because (1) portions of the property had been flooded unnecessarily requiring repairs to roadways and replanting of pasture, (2) Bachmeyer removed many trees that were not authorized to be removed by the Stukeses, (3) Bachmeyer removed vegetation in a manner that left the real property uneven and unsuitable for pasture, (4) Bachmeyer failed to fertilize and to control weeds or did so in an improper manner, (5) Bachmeyer installed fencing in an uneven manner that encroached on the boundaries of the real property, (6) Bachmeyer damaged the Stukeses' tractor, and (7) Bachmeyer altered the natural terrain of the property in a manner that directs excess water runoff onto the Stukeses' property.

The case was tried to a jury. It found in Bachmeyer's favor on all claims. The

trial court entered a judgment ordering that the Stukeses take nothing by their counterclaims, that Bachmeyer recover actual damages from the Stukeses in the amount of $8,186 plus interest, and that Bachmeyer recover attorney's fees in the amount of $17,250 for trial and $4,000 in the event of an appeal.

## II. *Issues on Appeal*

The Stukeses bring two issues on appeal. First, they contend that the evidence is legally and factually insufficient to support the jury's negative findings on their trespass and negligence claims. Second, they contend that the evidence is legally insufficient to support the jury's finding on Bachmeyer's attorney's fees for the trial of this cause.

## III. *Standard of Review*

When a party attacks the legal sufficiency of adverse findings on issues on which it has the burden of proof, it must demonstrate that the evidence establishes, as a matter of law, all vital facts in support of those issues. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001); *McMillan v. Dooley*, 144 S.W.3d 159, 170 (Tex. App.-Eastland 2004, pet. denied). We first examine the record for evidence that supports the jury's finding, while ignoring all evidence to the contrary. If there is no evidence to support the jury's answer, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Dow Chem.*, 46 S.W.3d at 241. The issue should be sustained only if the contrary proposition is conclusively established. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983).

When a party attacks the factual sufficiency of an adverse finding on an issue on which it has the burden of proof, it must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem.*, 46 S.W.3d at 242; *Croucher*, 660 S.W.2d at 58. The court of appeals must consider and weigh all of the evidence. We can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem.*, 46 S.W.3d at 242; *Chase Manhattan Mortgage Corp. v. Cook*, 141 S.W.3d 709, 715 (Tex.App.-Eastland, 2004, no pet.).

## IV. *Analysis*

**A. Are the Jury's Trespass Findings Supported by Sufficient Evidence?**

Trespass to real property occurs when a person enters another's land without consent.[1] *Cain v. Rust Indus. Cleaning Servs., Inc.*, 969 S.W.2d 464, 470 (Tex. App.-Texarkana 1998, pet. den'd). A trespass can be by a person or by a person causing or permitting a thing to cross the boundary of a property. *Cain*, 969 S.W.2d at 470. To recover trespass damages, a plaintiff must prove that (1) it owns or has a lawful right to possess real property, (2) the defendant physically, intentionally and voluntarily entered the land, and (3) the defendant's trespass caused damage. *Wil-*

---

1. Apparent consent to enter the property or authorized use is sufficient to defeat a cause of action for trespass. *Stone Res., Inc. v. Barnett*, 661 S.W.2d 148, 151 (Tex.App.-Houston [1st Dist.] 1983, no writ); *Ward v. Northeast Tex. Farmers Co-op Elevator*, 909 S.W.2d 143, 150 (Tex.App.-Texarkana 1995, writ denied). The defendant has the burden of proof to show consent or authorized use and must plead consent as an affirmative defense. *Id.* Bachmeyer had an oral lease to graze cattle on the Stukeses' property. Because he did not plead consent as an affirmative defense, he waived it; we need not consider whether the Stukeses' claim is barred by that lease. Tex.R. Civ. P. 94.

*en v. Falkenstein,* 191 S.W.3d 791, 797–98 (Tex.App.-Fort Worth 2006, pet. den'd).

The jury charge defined trespass as follows:

> "Trespass" is an unauthorized entry upon land in the possession of another, or causing a thing or a third person to enter upon land in the possession of another, or remaining upon land or failing to remove from land a thing which the actor is under a duty to remove. Authorization to enter upon land may be revoked by actual notice to the actor. One who intentionally trespasses upon land in possession of another is subject to liability whether or not the actor causes harm to the other. A trespass may also be committed through negligence.

The jury charge also contained the following broad-form trespass questions:

JURY QUESTION NO. TEN:

> Did Plaintiff intentionally commit a trespass on Defendant's property?

JURY QUESTION NO. TWELVE:

> Did Plaintiff negligently commit a trespass on Defendant's property which caused harm to the Defendant or the Defendant's land?

■ Negligence is not a required element of a trespass cause of action. *Gen. Tel. Co. of the Southwest v. Blacksher,* 742 S.W.2d 465, 468 (Tex.App.-Houston [1st Dist.] 1987, writ denied). Furthermore, while a plaintiff must prove that the defendant intentionally committed the act that constitutes a trespass, it need not show that the defendant intended a trespass. *See Watson v. Brazos Elec. Power Coop.,* 918 S.W.2d 639, 646 (Tex.App.-Waco 1996, writ denied) (every unauthorized entry upon land of another is a trespass without regard to the intent or motive prompting the trespass). The jury charge, however, required the jury to find that Bachmeyer either intentionally or negligently committed a trespass. The Stukeses did not object to these questions. They were, therefore, required to show more than simple trespass, and we must assume that the charge correctly stated the law. *See* Tex.R. Civ. P. 279.

### 1. Overflow of water.

■ It is the duty of the lower landowner to receive the natural flow of surface water. *Cain,* 969 S.W.2d at 469. No person may divert or impound the natural flow of surface water in a manner that damages the property of another by the overflow of the water diverted or impounded. Tex. Water Code Ann. § 11.086(a) (Vernon 2000).

Bachmeyer was the lower landowner. Surface water drains off the Stukeses' property onto his. John Stukes testified that Bachmeyer's stock pond was built so that, when full, the water did not drain off of Bachmeyer's property but, rather, was impounded about thirty-five feet under the fence onto the Stukeses' property. He further testified that Bachmeyer dammed the "wet-weather creek" and caused an overflow of water from the creek that prevented him from accessing the back sixteen acres of his property. The Stukeses offered pictures attempting to illustrate how the structures Bachmeyer built caused overflow of water onto their property. The pictures showed water marks indicating that at some point in time standing water was present on the Stukeses' property, but there was no water in any of the pictures.

■ The Stukeses argue that every single unauthorized entry, invasion, or encroachment onto their property constitutes a trespass. This would be generally true, but the charge required a finding of negligent or intentional trespass. There was sufficient evidence to support the jury's

finding that Bachmeyer did not negligently or intentionally commit a trespass. Bachmeyer acknowledged putting a crossing over the wet-weather creek but testified that it contained drainage pipes that allowed the water to naturally drain off the property. Bachmeyer also acknowledged constructing a stock pond with an embankment. He testified that he was unaware that the embankment caused an overflow of water onto the Stukeses' property. In fact, Bachmeyer testified that he discussed the overflow of water with John Stukes and that Stukes said that it was not a problem. Bachmeyer testified that county officials subsequently asked him to lower the stock pond's embankment because it could cause a possible overflow of water onto the Stukeses' property and that he did so.

Tommy Magness testified that he was a registered engineer and a licensed public surveyor. Magness testified that Bachmeyer hired him to check flood levels on structures that Bachmeyer had built on his property to ensure compliance with county rules. He testified that, in his opinion, the structures built on Bachmeyer's land would not cause any overflow of water onto the Stukeses' property. He further testified that Bachmeyer was in compliance with the county's flood plain laws.

Testimony from Kevin Stryker, an assistant county attorney for Williamson County, also showed that Bachmeyer worked to avoid any overflow of water onto the Stukeses' property. Stryker testified that he worked in connection with the Williamson County Health District to enforce flood plain rules. He was called out to Bachmeyer's property regarding a complaint that the Health District had received. He testified that his primary purpose was to ensure that Bachmeyer complied with the county rules and regulations regarding construction in a flood plain.

Stryker testified that Bachmeyer was very reasonable and wanted to fix any problem.

The Stukeses relied on Stryker's testimony to show that there was an overflow of water onto their property due to Bachmeyer's actions. Stryker testified that he observed water encroaching on the Stukeses' property and that he thought the overflow could possibly be coming from a buildup of land on one side of the pond situated on Bachmeyer's property. However, he conditioned his testimony by stating: "And, of course, I'm not an engineer so I don't know that the backup was coming from there, but it looked fairly obvious." Stryker also testified that he observed a crossing over the wet-weather creek but did not link it to any overflow of water on the Stukeses' property. Even assuming Stryker's assumption about the source of the water encroachment is correct, the mere presence of water is no evidence that Bachmeyer negligently or intentionally trespassed.

The evidence does not establish that as a matter of law Bachmeyer negligently or intentionally caused water to trespass onto the Stukeses' property. Further, the jury's finding is not against the great weight and preponderance of the evidence.

*2. Construction of the Fence.*

■ An owner may not construct a building or structure beyond the line dividing his land from that of his neighbors without incurring liability. *Allen v. Va. Hill Water Supply Corp.*, 609 S.W.2d 633, 635 (Tex.Civ.App.-Tyler 1980, no writ) (citing *McBurney v. Knox*, 259 S.W. 667, 674 (Tex.Civ.App.-Beaumont 1924), *aff'd*, 273 S.W. 819 (Tex. Comm'n App.1925, judgm't adopted)). The Stukeses argue that Bachmeyer trespassed by constructing the fence in such a way that it encroached on their property. Bachmeyer testified that he and John Stukes discussed putting up a

new fence on the border between their properties and that they discussed the fence's location. He further testified that they agreed that he would cut the underbrush and place the new fence as close as possible to the old fence line. Bachmeyer testified that he does not believe the new fence is off the property line because he followed the old fence line as closely as possible by using the old property stakes. During trial, the parties entered a stipulation into evidence regarding a survey performed by a registered surveyor after the fence's construction. The survey shows that in various places the fence is off the property line by a few feet. The parties' stipulation provided that, where the survey stated that the fence was "off," it meant that it was off of the Stukeses' property by that number of feet and that, where it stated "on," it was on the Stukeses' property by that number of feet.

The mere fact that the fence encroached on the Stukeses' property is insufficient to establish that Bachmeyer intentionally or negligently trespassed. The jury was free to believe or disbelieve Bachmeyer's testimony that the parties agreed to place the new fence as closely as possible to the old fence and that he did so. We must defer to the jury's resolution of this credibility issue.

■■■ The Stukeses also argue that Bachmeyer trespassed because he unnecessarily cut down trees on their property. A landowner that intends to have timber cut on his property owes a duty to adjoining landowners to ascertain the property line of adjoining land with diligence and care. *Schievink v. Wendylou Ranch, Inc.*, 227 S.W.3d 862 (Tex.App.-Eastland, 2007, no pet. h.). In *Schievink*, the adjoining landowners did not have an agreement regarding the replacement of the fence and the removal of the trees. However in this case, the Stukeses and Bachmeyer agreed that, to replace the old fence, some of the trees would have to be removed. Bachmeyer testified that he informed the Stukeses that he would have to remove some of the trees to put up a straight-line fence and that the Stukeses agreed to the removal of the trees.

It is undisputed that Bachmeyer had the right to remove trees on the Stukeses' property to construct the new fence. Whether he negligently or intentionally exceeded that right is inherently a fact question. The jury had factually and legally sufficient evidence to conclude that he did not.

### 3. Cleanup of the Property.

■■■ The Stukeses argue that Bachmeyer trespassed when he left piles of brush on their property. Bachmeyer was removing the brush at the request of the Stukeses. Bachmeyer testified that he intended to burn the brush he cleared but that it needed to cure a couple of months before he could burn it. The county implemented a burn ban before the brush cured. By the time it expired, he had received notice from the Stukeses to not enter the property. This is sufficient evidence to support the jury's determination that Bachmeyer did not negligently or intentionally exceed his rights.

### B. Was the Jury's Negligence Finding Supported by Sufficient Evidence?

■■■ The Stukeses argue that Bachmeyer was negligent by allowing water to overflow onto their property and by failing to pinpoint the property line before he cut down the trees. In order to recover on a negligence claim, a party must show (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damage proximately resulting from such breach. *Harrison v. Harrison*, 597 S.W.2d 477, 482 (Tex.Civ.App.-Tyler 1980, writ ref'd n.r.e.). The duty need not be

one imposed by contract between the parties but may be one implied by law from the circumstances and relationship of the parties. *Id.*

■ The jury charge included a single broad-form negligence question, and the jury found that Bachmeyer was not negligent. We have previously found the jury's trespass findings were supported by sufficient evidence. Applying the applicable standard of review to this same evidence, we also find that it is legally and factually sufficient to support the jury's negligence finding. Because the jury is the sole judge of the credibility of the witnesses and of the weight to be given their testimony, we will not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if there is conflicting evidence that would support a different conclusion. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). We overrule the Stukeses' first issue on appeal.

### C. Is the Jury's Finding of Attorney's Fees Supported by Sufficient Evidence?

The Stukeses contend that there was insufficient evidence to support the jury's finding on attorney's fees through trial. They do not challenge the jury's finding on appellate attorney's fees. The jury found $17,250 to be reasonable attorney's fees for the services of Bachmeyer's attorney through trial. Bachmeyer's attorney testified that he billed Bachmeyer at an hourly rate of $125. He further testified that he billed about 100 hours in the case and that his total fees were approximately $12,500. After a hearing on the Bachmeyer's motion to enter judgment, the trial court awarded Bachmeyer $17,250 in attorney's fees.

■ A person may recover reasonable attorney's fees by prevailing on a valid claim for rendered services, performed labor, furnished material, and breach of oral or written contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997). Reasonableness of attorney's fees is a fact question and must be supported by competent evidence. *Smith v. Smith*, 757 S.W.2d 422, 424 (Tex.App.-Dallas 1988, writ den'd).

■ We review the jury finding of $17,250 for attorney's fees under a legal sufficiency standard of review. A challenge on appeal that the trial court failed to disregard a jury's finding must be construed as a legal sufficiency challenge. *Brown v. Bank of Galveston Nat'l Ass'n*, 930 S.W.2d 140, 145 (Tex.App.-Houston [14th Dist.] 1996), *aff'd*, 963 S.W.2d 511 (Tex.1998). To determine whether the jury award is excessive, we look at the entire record and view the matter in light of the testimony, the amount in controversy, the nature of the case, and our common knowledge and experience as lawyers and judges. *Wuagneux Builders, Inc. v. Candlewood Builders, Inc.*, 651 S.W.2d 919, 922–23 (Tex.App.-Fort Worth 1983, no writ); *Argonaut Ins. Co. v. ABC Steel Products Co.*, 582 S.W.2d 883 (Tex.Civ. App.-Texarkana 1979, writ ref'd n.r.e.).

Bachmeyer argues that it is within the province of the jury to decide the reasonableness of the attorney's fees awarded. Bachmeyer relies on *Gulf Paving Co. v. Lofstedt*, 144 Tex. 17, 188 S.W.2d 155 (Tex. 1945), and *Brown*, 930 S.W.2d at 145. In *Brown*, the court stated:

Generally, it is the province of the jury to determine the reasonable value of an attorney's services. However, if the evidence is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. (citation omitted)

In *Brown*, the jury returned a verdict of zero for attorney's fees. The court held that, because evidence was presented on the amount of attorney's fees and that evidence was not contradicted, the amount of attorney's fees was proven as a matter of law. *Brown*, 930 S.W.2d at 145.

 Bachmeyer's attorney testified that his reasonable fees for representing Bachmeyer were $12,500. Bachmeyer argues that we are not bound by this testimony because it was contradicted by the attendant circumstances of the bad faith trespass counterclaim and the evidence that the rate charged by Bachmeyer's counsel was lower than the reasonable rate charged by other attorneys in the area. We disagree. Attorney's fees are not recoverable for defending against the Stukeses' claim. Further, both the Stukeses' attorney and Bachmeyer's attorney testified that $125 an hour was a reasonable rate. There was no evidence to contradict Bachmeyer's attorney's testimony that his services totaled $12,500. Therefore, we take his testimony as true as a matter of law. Because there is no evidence to support the jury's award of $17,250, the award is excessive. The evidence was legally insufficient to support the jury findings on attorney's fees. Therefore, we sustain the Stukeses' second issue on appeal.

An appellate court has the duty to reduce the fee awarded if it is excessive. *Southland Life Ins. Co. v. Norton*, 5 S.W.2d 767 (Tex. Comm'n App.1928, holding approved); *Argonaut Ins. Co.*, 582 S.W.2d at 889. A court of appeals may exercise its power to suggest a remittitur when an appellant complains that there is insufficient evidence to support an award and the court of appeals agrees but finds that there is sufficient evidence to support a lesser award. *David McDavid Pontiac, Inc. v. Nix*, 681 S.W.2d 831, 838–39 (Tex.

App.-Dallas 1984, writ ref'd n.r.e.). We conclude that there is evidence to support the lesser award of $12,500. Accordingly, we condition our affirmance of the attorney's fees award in this case on Bachmeyer's filing a remittitur in the amount of $4,750.

### V. *Conclusion*

We affirm the trial court's take-nothing judgment for the Stukeses' counterclaim. We also affirm the trial court's judgment with respect to the attorney's fees, conditioned on a remittitur of attorney's fees in the amount of $4,750. If this remittitur is not filed within twenty days from the date of this opinion, the trial court's judgment as to attorney's fees will be reversed, and the issue of attorney's fees remanded to the trial court for a new trial. TEX.R.APP. P. 46.3.