**Affirmed and Memorandum Opinion filed February 6, 2024**



**In The**

# Fourteenth Court of Appeals

## NO. 14-22-00603-CV

### RAKESH MALHORTA, Appellant

### V.

### BERNARDO QUINTANILLA, Appellee

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-23206**

## MEMORANDUM OPINION

Appellee Bernardo Quintanilla sued appellant Rakesh Malhorta for trespass to real property. These neighbors had a dispute over the property boundary line and the location of a fence and debris. After a bench trial, the trial court awarded Quintanilla damages for Malhorta's trespass. Malhorta appeals the trial court's judgment. In two issues he asserts that there is legally insufficient evidence to support the judgment. We affirm the judgment of the trial court.

**LEGAL SUFFICIENCY**

Appellant contends that there is no evidence that he physically trespassed on appellee's property and that the "fence in question" is appellee's fence and on appellee's property. Appellant argues that there is no evidence of any actual damages sustained by appellee because appellee failed to differentiate between permanent and temporary damages. Appellant argues that there is no evidence that the estimates provided to prove up the damages were "reasonable or necessary."

## A. General Legal Principles

A "no evidence" point is a legal sufficiency point. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) ("[T]he test for legal sufficiency should be the same for . . . no-evidence review."). We review the trial court's decision for legal sufficiency of the evidence using the same standard applied in reviewing the evidence supporting a jury's finding. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller*, 168 S.W.3d at 822. We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827.

When, as here, the trial court does not make findings of fact or conclusions of law to support its ruling after a bench trial, we infer all findings necessary to support the judgment.[1] *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). The judgment of the trial court must be affirmed if it can be upheld on any legal theory that is supported by the evidence. *In re W.E.R.*, 669

---

[1] Appellant requested findings of fact and conclusions of law, but the request was denied as untimely. Appellant does not assert a point of error on the trial court's refusal to issue findings of fact and conclusions of law.

S.W.2d 716, 717 (Tex. 1984). Because the appellate record includes the reporter's and clerk's records, the trial court's implied findings are not conclusive and may be challenged for legal sufficiency. *BMC Software Belg.*, 83 S.W.3d at 795.

We sustain a legal sufficiency or "no evidence" challenge when (1) the record discloses a complete absence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003).

"To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has legal right to possess real property, (2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff." *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied). "The gist of an action to trespass to realty is the injury to the right of possession." *Pentagon Enters. v. Sw. Bell Tel. Co.*, 540 S.W.2d 477, 478 (Tex. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). "A claim for trespass to real property requires a showing of an unauthorized physical entry onto the plaintiff's property by some person or thing." *Vaughn v. Drennon*, 372 S.W.3d 726, 738 (Tex. App.—Tyler 2012, no pet.). "The entry need not be in person but may be made by causing or permitting a thing to cross the boundary of a property." *Id.*

"[L]iability for trespass is not dependent upon personal participation." *Parker v. Kangerga*, 482 S.W.2d 43, 47 (Tex. App.—Tyler 1972, writ ref'd n.r.e.). "[S]ubsequent ratification or adoption by one of an act of another for his benefit or in his interest is equally liable." *Id.*; *see also Victory Energy Corp. v. Oz Gas Corp.*, 461 S.W.3d 159, 177 (Tex. App.—El Paso 2014, pet. denied) ("Victory's

assertion that it only acquired land after Remuda had drilled the wells is irrelevant. By purchasing the lease after Remuda committed a trespass, Victory essentially ratified the trespass and positioned itself to gain from that trespass."); *Allen v. Virginia Hill Water Supply Corp.*, 609 S.W.2d 633, 635 (Tex. App.—Tyler 1980, no writ) ("[Party's] present attempt to disclaim ownership in a portion of the [encroaching] building is inconsistent with his past actions and will not relieve him of the obligation to remove said portion. The record discloses that [the party] had exercised full control over the entire building since he purchased the property."). "The general rule on encroachment by an adjoining owner has been stated that an owner may not erect a building or structure, in whole or in part, beyond the line dividing his land from that of the adjoining owner without incurring liability therefore." *Allen*, 609 S.W.2d at 635.

"In the case of temporary injury to real estate, the measure of damages is ordinarily the cost and expense of restoring the land to its former condition, plus the loss or damages occasioned by being deprived the use of same, with interest." *Vaughn*, 372 S.W.3d at 738. "Recovery of actual damages in trespass for temporary injury is limited to the amount necessary to place the plaintiff in the position it would have been in but for the trespass." *Meridien Hotels, Inc. v. LHO Fin. P'Ship I, L.P.*, 255 S.W.3d 807, 821 (Tex. App.—Dallas 2008, no pet.). "These damages include cost of restoration or repair to the land to its former condition." *Id.* To recover damages for the costs of repairs to property, a plaintiff must show the cost of repair was reasonable and necessary. *Lakeside Vill. Homeowners Ass'n, Inc. v. Belanger*, 545 S.W.3d 15, 42 (Tex. App.—El Paso 2017, pet. denied). It is not imperative that the terms "reasonable" and "necessary" be used. *Id.* A damaged party is only required to present evidence of damages sufficient and competent enough to justify the fact finder's conclusion that the

4

costs are reasonable and necessary. *Id*.

## B.    Background

The parties filed a stipulation with the trial court that was admitted into evidence at trial. One of the stipulations was that the survey conducted by appellee's surveyor concluded that the "fence encroaches onto [appellee's] property" and that the survey "truly and accurately represents the boundary line of the property and further stipulate that the fence at issue encroaches unto [appellee's] property." As early as October 2017, appellee requested that appellant move the encroaching fence to the proper boundary line.

At trial, appellant testified that he told appellee he would not move the fence. Appellant testified that he would not agree to move the fence until he had "solid proof" that the fence was not on the proper boundary. Yet, at trial the parties agreed the fence was encroaching upon appellee's property and appellant refused to allow it to be removed. Appellant testified that exhibit five, a photograph, depicted garbage on his property. The photograph depicts garbage against the fence at issue. Appellant testified that all along the fence there is debris stacked up against the fence on his property.

Appellee testified that he asked appellant to move the debris that was laying against the fence as well as to get a new fence. He testified that as of the day of trial, the debris was still up against the fence. Appellee testified that he hired a contractor to come out and give him a quote for the work to remove the current fence, move the debris against the fence, and build a new fence. Appellee testified that exhibit five, a photograph of various items of trash and debris against the fence, was representative of the debris that was on appellant's side of the fence a week prior to trial. Appellee testified that his contractor quoted $14,720 to move all the debris and that he had checked with other contractors, and this was the best

price. Appellee testified that the cost to build a new fence was quoted as $6,720 and, again, was the best price when he asked other contractors for quotes. Appellee testified that he had not done the work yet because it was not his fence and he was awaiting the court's permission to move it. Appellee testified the fence was appellant's fence. In addition, he was concerned that appellant had threatened him with physical violence if he attempted to move the fence.

Appellee admitted the contractor's quotes into evidence. The quotes provide itemized amounts for each item of work to be done. For cleaning up the debris and garbage on appellant's side of the fence, the largest line-item is for a crane rental to move the three forty-eight-inch concrete "manholes" against the existing fence. Appellant testified that the concrete "tubes" are "massive" and that there was no way that he or anyone else could move them. "I believe they are 4 inches thick , concrete, and about 8 inches diameter and about 3 feet high, maybe 4 feet high." The quote for "Removing/Cleaning" totals $14,700. The quote for "Fence Replacement" is $12,420. The stipulation admitted into evidence also stipulated that appellee "has contracted the services of [the contractor] who, if called to trial, would testify that his company will remove and clean the materials and debris stacked against the fence at a cost of $14,700 and will construct a replacement fence at a cost of $12,420." Appellant did not stipulate that such costs were reasonable and necessary.

The trial court rendered judgment awarding appellee $21,440 in actual damages for appellant's trespass. The trial court did not detail how it arrived at the damage award.

## C. Analysis – Trespass

In his first issue, appellant argues there is no evidence that appellant entered the appellee's land and the entry was physical, intentional, and voluntary. *See*

6

*Wilen*, 191 S.W.3d at 798. Appellant argues that because appellee testified that he never "witnessed" appellant physically trespass on his property that the evidence is legally insufficient to support the judgment.

The parties stipulated that the fence encroached upon appellee's property. The evidence showed that appellee asked appellant to move the fence and the debris against the fence. Appellant refused to allow appellee to move the fence or to allow appellee to remove the debris on appellants' side of the fence along the fence line. This refusal to allow appellee to move the fence and debris on appellee's property, particularly under threat of physical violence, is legally sufficient to show a physical, intentional, and voluntary trespass on appellee's property. Though appellant testified that the fence was there when he purchased the property, when appellee requested that appellant move the fence or that appellee be allowed to move the fence to the proper boundary and appellant refused, appellant ratified or adopted the act of another for his own benefit and is equally liable. *See Parker*, 482 S.W.2d at 47; *Victory Energy Corp.*, 461 S.W.3d at 177; *Allen*, 609 S.W.2d at 635. The record shows that appellant exercised full control over the fence and appellee's land on his side of the fence since his purchase. Both parties testified that neither had moved the fence or built a new fence since they purchased their respective properties. Though appellant testified that he never personally stepped foot on appellee's portion of land on appellant's side of the fence, because appellant exercised control over that portion and refused appellee's request that appellant vacate appellee's property, appellant became liable for trespass by continuing to exercise control over appellee's property. *Allen*, 609 S.W.2d at 635 ("[Party's] present attempt to disclaim ownership in a portion of the [encroaching] building is inconsistent with his past actions and will not relieve him of the obligation to remove said portion. The record discloses that

7

[the party] had exercised full control over the entire building since he purchased the property.").

Concluding there is legally sufficient evidence to support the trial court's conclusion that appellant committed a trespass, we overrule appellant's first issue.

**D.      Analysis – Damages**

In his second issue appellant argues that there is no evidence or insufficient evidence of damages to support the judgment.

The trial court awarded appellee $21,440 in actual damages for appellant's trespass. The total amount of the quotes provided in evidence was $27,120. The quotes were admitted into evidence without objection. The quotes provided for the work to be completed and the cost of each item to be done. Appellee testified that he had received other quotes to do the work but that all the other quotes were more expensive. Appellant testified that the concrete tubes along the fence were so "massive" that no one person could move them. The quote in evidence provided for a crane to move the concrete tubes. Both parties testified that there were trees along the fence that needed to be cut back as well as other items that needed to be moved. The exhibits the parties admitted into evidence showed the trash and debris all along the fence on appellant's side. Appellee testified that other debris would also need to be moved. All of this evidence supports the conclusion that the quoted amounts to move the debris, including the rental of a crane to move the concrete tubes, was reasonable and necessary.

Appellant contends that because the trial court only awarded $21,440, instead of the entire $27,120, the damages award was not supported by any evidence. We disagree. The trial court as the fact finder has broad discretion to award damages within the range of evidence presented at trial. *Schear Hampton*

8

*Drywall, LLC v. Founders Comm., Ltd.*, 586 S.W.3d 80, 92 (Tex. App.—Houston [14th Dist.] 2019, no pet.) An award within the range of evidence presented at trial will be an appropriate exercise of that discretion. *Upshaw v. Lacado, LLC*, 650 S.W.3d 61, 81 (Tex. App.—Fort Worth 2021, pet. denied). This is true even if the precise method of arriving at the damages amount is unclear. *Id*. Here, the award was within the range of evidence presented by appellee. *See id*.; *Schear Hampton Drywall*, 586 S.W.3d at 92. Though the precise method the trial court used to arrive at the damages is unclear it does not render it legally insufficient.

Appellant next argues that appellee failed to distinguish between permanent or temporary damages, and as a result, the evidence was legally insufficient. *See Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex. 1978) ("The injury here alleged and established was altogether of a temporary nature and . . . the trial court erred in submitting the issue on permanent damages over the objection of Langford and the Developers."). Here, unlike in *Kraft*, the trial court was the fact finder and could determine whether appellee established permanent or temporary damages and make the appropriate award. The cost to repair any damage to the property is one measure of damages when a trespass causes a temporary injury. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 921 (Tex. 2013). The trial court so awarded appellee in the judgment.

We overrule appellant's second issue.

## CONCLUSION

Having concluded that the evidence is legally sufficient, we affirm the judgment of the trial court.

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.